By the Court.
Bosworth, J.
The defendants appealed to the court of appeals from a judgment rendered against them in this action at general term, and gave the requisite security to stay proceedings on the judgment. The appeal was perfected July 7th, 1851. The defendants moved at special term, under section 282 of the code, for an order directing the clerk to enter oil the docket of the judgment, that the same is “ secured on appeal.” An order was made denying the motion. From that order the defendants appeal.
*713 I think the order is not appealable. The relief asked could not be claimed as a matter of right, but merely as a favor, no matter how perfect may be the security given on the appeal. The court may grant such application, but is not required to do it, and on granting it may impose such terms and conditions as it sees -fit. No appeal lies from an order- made upon an application to the court for a matter of mere favor. (Wakeman v. Price, 3 Comst. 334; Fort v. Bard, 1 Ibid. 43 ; Lansing v. Russell, 2 Ibid. 563; Code, § 11, sub. 3, and § 349, sub. 5.)
The 282d section does not, in its terms, unequivocally apply to judgments rendered and docketed before it took effect, which was on the 10th of July, 1851. Under such circumstances, it should not be so construed as to give it a retrospective effect, which would produce injustice to the plaintiffs. By the law as it Stood when this suit was commenced and the judgment recovered, the plaintiffs, by the recovery and docketing of their judgment, acquired a lien on all the real estate of the defendant, in any county in which it might be docketed, as security for the payment of the judgment. If an appeal be brought and such security given as would stay the execution of the judgment pending the appeal, such security would be cumulative to that of the lien on the real estate, and not a substitute for it. The effect of the order applied for, if it would be such as the code declares, would be to put it in the power of the debtors to alien their whole real estate, and divest the plaintiffs of the security which the laws existing at the time of the recovery provided should accrue upon the rendition and docketing of a judgment. If this section should be construed to apply to judgments, recovered before it was amended on the 10th of July last by incorporating the provision on which it is insisted this motion should be granted, then the section is in substance and effect a legislative declaration, that a creditor by judgment, may be compelled to relinquish his lien by judgment, for the promise of such third persons to pay it as the court may deem entirely responsible. If this be so, the legislature may retrospectively enact, that a general or specific lien on real estate may be discharged by substituting for it a law suit, or an un *714 dertaking on which at some future day an action may be brought. I do not think we should find from the language of this section of the code, that the legislature intended it should operate upon judgments previously docketed, to divest liens which were perfect and absolute before the section as amended took effect. (Quackenbush v. Danks, 1 Denio, 128; S. C. in Court of Errors, 3 Ibid. 594; McCracken v. Hayward, 2 Howard, U. S. R. 608.)
It is insisted that section. 459, sub. 3, expressly declares such to have been the purpose of the legislature. The word “proceedings,” as there used, and so far as it is applicable to this case, means that a judgment recovered after the first of July, 1848, can be reviewed only upon an appeal taken in the manner provided by the code. (Vide § 457.) It includes and designates the practice requisite to be pursued to secure a right to have the judgment reviewed. Every thing essential to that object had been done when the appeal was perfected. The motion now made is not a part of the proceedings to be had to reverse the judgment. It is a proceeding to div.est it of its lien, as against a certain class of persons, while the appeal is pending. Whether granted or not, the appropriate and prescribed proceedings to obtain a reversal of the judgment are not affected. It in no way affects the notice of appeal, the undertaking, the case on which the appeal is to be heard, or the mode or time for bringing the appeal to a hearing.
The appeal must be dismissed, but without costs to either party. (All the Justices of the court concurred in this decision.)